610 F.2d 94
 ELECTRONIC DATA SYSTEMS CORPORATION IRAN, Plaintiff-Appellee,
v.
The SOCIAL SECURITY ORGANIZATION OF the GOVERNMENT OF IRAN,
the Ministry of Health and Social Welfare of the
Government of Iran, and the Government
of Iran, Defendants-Appellants,
and
Marine Midland Bank, Intervening Defendant.
 No. 486, Docket 79-7696.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 16, 1979.
Decided Nov. 28, 1979.
 
 Peter K. Leisure, New York City (Whitman & Ransom, Michael C. Pelletier, New York City, Abourezk, Shack & Mendenhall, P. C., Thomas G. Shack, Jr., Raymond J. Kimball, Washington, D. C., of counsel), for defendants-appellants.
 Sheldon Oliensis, New York City (Kaye, Scholer, Fierman, Hays & Handler, Milton Sherman, Alan L. Mittman, New York City, of counsel), for plaintiff-appellee.
 Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C. (Robert B. Fiske, Jr., U. S. Atty., New York City, David H. Small, Asst. Legal Adviser, Timothy E. Ramish, Dept. of State, New York City, Morton Hollander, Bruno A. Ristau, Dept. of Justice, Washington, D. C., of counsel), for the United States as amicus curiae.
 Before KAUFMAN, Chief Judge, and SMITH and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 On June 13, 1979, an order was entered in the Southern District of New York attaching funds held by Marine Midland Bank in trust for the Islamic Revolutionary Council of Iran. This attachment was executed to secure enforcement of a judgment expected in a contract action pending between these parties in the Northern District of Texas.[1] The district judge certified his order pursuant to 28 U.S.C. § 1292(b), and on October 9, 1979, a panel of this Court granted leave to appeal.
 
 
 2
 In light of the rapidly changing relationship between the United States and the Islamic Republic or Iran, we remand this case to the district court for reconsideration of its order of attachment, which was entered prior to the seizure of American hostages at the American embassy in Teheran, and other critical conflicts affecting the relationship of Iran and the United States. On remand, the district court may ascertain the position of the Department of State concerning the defendants' right of access to United States courts under the extraordinary circumstances now prevailing. In addition, the court may consider the effect of Executive Order 12170, November 14, 1979, (the so-called "freeze" order) upon the necessity for its order of attachment. Finally, the court may review its interpretation of the Treaty of Amity, Economic Relations and Consular Rights, August 15, 1955, United States-Iran, 8 U.S.T. 899, in light of the State Department documents made available to this Court by the parties and by Amicus curiae, Department of State.
 
 
 3
 Remanded.
 
 
 
 [1]
 The Texas action, Electronic Data Systems Corp. Iran v. Social Security Organization of the Government of Iran, No. CA3-79-218-F (N.D.Tex. June 21, 1979), Appeal pending No. 79-2641 (5th Cir.), apparently involves the same claims at issue here, and the same parties with the exception of intervening defendant Marine Midland Bank