646 F.2d 779
 NEW ENGLAND MERCHANTS NATIONAL BANK, Plaintiff-Appellee,
v.
IRAN POWER GENERATION AND TRANSMISSION COMPANY, The Iranian
Ministry of Energy and Natural Resources, The Government of
Iran, The Iranian Ministry of Economic Affairs and Finance,
Defendants-Appellants,
United States of America, Appellant (and related cases).
In re UNITED STATES of America, Petitioner.
 Nos. 1049 to 1227 and 740, Dockets 80-6254 to 80-6349,
80-7912 to 80-7999,81-7054, 81-7062, 81-7064,
80-3063, 80-9001 and 80-9004 to 80-9007.
 United States Court of Appeals,
Second Circuit.
 Argued March 30, 1981.
Decided April 9, 1981.
 
 Michael F. Hertz, Atty., Civ. Div. Dept. of Justice, Washington, D.C. (John S. Martin, Jr., U. S. Atty., New York City, Thomas S. Martin, Acting Asst. Atty. Gen., Robert E. Kopp, John F. Cordes, Susan J. Herdina, Attys., Civ. Div., Dept. of Justice, Washington, D.C., Mark B. Feldman, Acting Legal Adviser, Timothy B. Ramish, Atty., Dept. of State, Washington, D.C., of counsel), for petitioner-appellant United States.
 George Weisz, New York City (Cleary, Gottlieb, Steen & Hamilton, Jonathan I. Blackman, New York City, of counsel), for certain plaintiffs-appellees in support of remanding these appeals.
 Samuel Hoar, Boston, Mass. (Goodwin, Procter & Hoar, Carol Goodman, Boston, Mass., of counsel), for plaintiff-appellee Chas. T. Main International, Inc.
 Lawrence W. Newman, New York City (Baker & McKenzie, Robert B. Davidson, Jean Bernstein, New York City, of counsel), for certain plaintiffs-appellees in support of the right to compensation.
 Stephen R. Kaye, New York City (Proskauer, Rose, Goetz & Mendelsohn, Lester M. Kirshenbaum, New York City, of counsel), for plaintiff-appellee Starrett Housing Corp.
 Thomas G. Shack, Jr., Washington, D.C. (Abourezk, Shack & Mendenhall, P.C., New York City, Raymond J. Kimball, Washington, D.C., Gregory de Sousa, New York City, James A. Stenger, Washington, D.C., of counsel), for defendant-appellant Islamic Republic of Iran and Certain of Its Agencies and Instrumentalities.
 Daniel P. Levitt, New York City (Kramer, Levin, Nessen, Kamin & Soll, Michael S. Oberman, Greg A. Danilow and Alan R. Friedman, New York City, of counsel), for certain defendant-appellant Iranian Banks.
 (Full list of counsel appears as Appendix A.)
 Before TIMBERS, Van GRAAFEILAND and MESKILL, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 The plaintiffs in these 96 consolidated cases are commercial entities with claims against the Islamic Republic of Iran and various of its agencies or instrumentalities (hereinafter collectively referred to as "Iran"). After witnessing a period of worsening political and economic relations, which culminated in the seizure of the American Embassy in Teheran and its personnel on November 4, 1979, the plaintiffs brought suit against Iran under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602-11 (Supp. III 1979) (FSIA). Upon commencing suit, the plaintiffs sought and obtained pursuant to N.Y.Civ.Prac.L.R. § 6211(a) (McKinney 1980) ex parte orders of prejudgment attachment upon the "frozen" Iranian assets in New York.[1] At the subsequent confirmation hearings,[2] the Iranian defendants moved to vacate the attachments, arguing that a foreign state and its instrumentalities are immune from prejudgment attachment under the FSIA and the 1955 Treaty of Amity, Economic Relations, and Consular Rights Between the United States of America and Iran, 8 U.S.T. 899 ("Treaty of Amity").[3] These cases were referred to Judge Duffy for resolution of the sovereign immunity issue.
 
 
 2
 On September 26, 1980, the district court rendered an Opinion and Order resolving the sovereign immunity issue. New England Merchants National Bank v. Iran Power Generation and Transmission Co., 502 F.Supp. 120 (S.D.N.Y.1980). While ruling that Iran had not waived its immunity from prejudgment attachment under the FSIA or the Treaty of Amity, the court concluded that the Presidential freeze had "suspended" Iran's immunity from prejudgment attachment. Judge Duffy did not pass upon the plaintiffs' additional argument that Iran had forfeited its immunity by reason of its hostile acts toward the United States. The Government's request for an indefinite stay was denied, with Judge Duffy stating that on balance his decision did not "in any way, impinge on the enormous prerogatives vested in the President" to handle foreign affairs. Id. at 133. Having decided the common question presented to him, Judge Duffy referred the cases back to the various district judges for resolution of the non-common issues.[4]
 
 
 3
 Immediately following this decision, the United States moved on October 6, 1980 for a stay of further district court proceedings pending appellate review. The Government also sought leave to intervene and moved for certification under 28 U.S.C. § 1292(b) (1976) of the court's refusal to grant its request for an indefinite stay. On November 5, 1980, Judge Duffy denied these motions. On November 25, 1980, the Government filed a notice of appeal of the September 26 Opinion and Order, claiming that the denial of its request for a stay was appealable under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Finally, on December 19, 1980, the Government petitioned for a writ of mandamus to compel the district court to stay the proceedings. A panel of this Court on December 23 scheduled briefing on the petition for mandamus and temporarily stayed proceedings in the district court pending its decision on the petition.
 
 
 4
 Recognizing that there was "substantial room for differences of opinion" on the sovereign immunity issue and that immediate appeal could "materially advance the termination of this litigation," Judge Duffy on December 22, 1980 certified four questions to this Court:
 
 
 5
 1. Did Executive Order No. 12,170 (November 14, 1979), 44 Fed.Reg. 67729, the Treasury Regulations promulgated thereunder and President Carter's subsequent reports to Congress suspend, dissolve or terminate the immunity from pre-judgment attachment that would otherwise be available to defendants under the Foreign Sovereign Immunities Act of 1976 and the Treaty of Amity?
 
 
 6
 2. If the answer to No. 1 above is yes, does the International Emergency Economic Powers Act (50 U.S.C. §§ 1701, et seq.) authorize the suspension, dissolution or termination of defendants' immunity from pre-judgment attachment in the manner that the Court found had occurred here?
 
 
 7
 3. If the answers to Nos. 1 and 2 above are yes, is the International Emergency Economic Powers Act constitutional as applied?(4.) Whether sovereign immunity of the defendants under the Foreign Sovereign Immunities Act with respect to pre-judgment attachment has been waived, terminated or suspended by virtue of (a) the 1955 Treaty of Amity, Economic Relations and Consular Rights between the United States and Iran, or (b) the severance of diplomatic relations between the United States and Iran and actions taken by Iran in violation of international law.
 
 
 8
 Judge Duffy specifically refused to certify whether the lifting of the freeze would terminate the attachments, stating that "(s)uch a contingency is simply not a 'case or controversy' properly before any court at the present time." On January 5, 1981, this Court issued an order permitting interlocutory appeal of the certified questions, granted the Government's motion for an expedited appeal, continued the previously granted stay, and scheduled argument on all points raised by the petition and the appeal.
 
 
 9
 Subsequent events radically changed the focus and posture of this appeal. On January 19, 1981, President Carter entered into a series of agreements to secure the release of the American hostages.[5] Under the agreements, most claims are to be submitted to binding, non-reviewable arbitration before a Claims Tribunal. Iran agreed to establish a security account which would be initially funded by a deposit of $1 billion in previously frozen funds and securities, and promised to replenish the fund whenever it fell below $500 million, until all awards are paid. In return, the United States promised to "act to bring about the transfer (of Iranian funds and securities held in U. S. banks) within six months." Crucial to the settlement was the promise of the United States to
 
 
 10
 terminate all legal proceedings in United States courts involving claims of United States persons and institutions against Iran and its state enterprises, to nullify all attachments and judgments obtained therein, to prohibit all further litigation based on such claims, and to bring about the termination of such claims through binding arbitration.
 
 
 11
 To implement these agreements, President Carter issued Executive Orders 12276 through 12285 which, inter alia, revoked the previously issued license to attach the frozen assets, nullified all post-freeze rights of non-Iranians in the assets, precluded United States citizens from acquiring further rights in the assets, directed those entities holding Iranian funds and securities to transfer them to the Federal Reserve Bank of New York, and required those holding other frozen assets to transfer the property as directed by Iran.[6] On February 24, 1981, President Reagan ratified the terms of the agreement, and issued the following Executive Order concerning claims pending against Iran:
 
 
 12
 Section 1. All claims which may be presented to the Iran-United States Claims Tribunal under the terms of Article II of the Declaration of the Government of the Democratic and Popular Republic of Algeria Concerning the Settlement of Claims by the Government of the United States of America and the Government of the Islamic Republic of Iran, and all claims for equitable or other judicial relief in connection with such claims, are hereby suspended, except as they may be presented to the Tribunal. During the period of this suspension, all such claims shall have no legal effect in any action now pending in any court of the United States, including the courts of any state or any locality thereof, the District of Columbia and Puerto Rico, or in any action commenced in any such court after the effective date of this Order.
 
 
 13
 Exec. Order No. 12,294, 46 Fed.Reg. 14,111 (1981). Regulations implementing this order provide that "(u)ntil the Secretary of the Treasury determines that the authority of the United States to order these transfers has been the subject of a definitive legal ruling, the United States Government will not seek to impose civil or criminal sanctions on any party who does not make the transfers required by (the orders and regulations)." 31 C.F.R. § 535.221(b) (1981).
 
 
 14
 The parties essentially agree that the four certified questions are no longer central to this case, having been supplanted by a single, overriding question: Were the actions of the President in suspending the lawsuits and nullifying the attachments consistent with constitutional power and any applicable statutory authority? Nevertheless, the Government forcefully argues that the Executive Orders and Treasury Regulations implementing the settlement agreement constitute an intervening change in law which this Court is bound to apply, see United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801), even in the context of this somewhat outdated interlocutory appeal, see Bersch v. Drexel Firestone, Inc., 519 F.2d 974, 994-95 (2d Cir.), cert. denied, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975). Of course, essential to the Government's argument is its contention that the settlement agreement is valid and enforceable, an issue which was neither decided in the district court nor briefed in this Court. In so contending, the Government would have us decide at this juncture delicate questions concerning the statutory and constitutional authority of the Executive to make and enforce the Executive Orders and Treasury Regulations here at issue. Although we are mindful of the necessity for a speedy resolution of these questions, we must reject the Government's invitation and remand this case for further development in the district court.
 
 
 15
 In the first place, the questions we are asked to decide are posed in the abstract; the original dispute which brought this case before us has been swept to the sidelines. To appreciate the degree of attenuation between the original disputes and the legal question now pressed upon us, one need only review the manner in which this case arrived in this Court. These cases were referred to Judge Duffy to decide a preliminary issue (sovereign immunity) in connection with a provisional remedy entered ex parte. The only issue decided below, certified to us, and briefed by the parties was whether sovereign immunity stood as a bar to prejudgment attachment of Iran's frozen assets. Since the settlement agreement, many of these parties, including New England Merchants National Bank, have been paid the full amount claimed in their complaints. Others are willing to try their luck before the Claims Tribunal and seek recourse against the United States in the event of a shortfall. Still other plaintiffs contend that their claims against the defendants fall outside the scope of the agreements and therefore should not be subject to a stay. None of the ex parte attachments has been confirmed, and it is quite likely that some will be vacated for failure to comply with the requirements of N.Y.Civ.Prac.L.R. § 6211(b) (McKinney 1980). Under these circumstances, a definitive ruling by this Court on the scope, validity, and effect of the settlement agreement would come perilously close to an advisory opinion. This lack of concreteness, together with the novelty and delicacy of the issues, counsels us to remand this case to the district court so that any challenge to the settlement agreement can be decided in the context of a live controversy, after full briefing and any necessary fact-finding.
 
 
 16
 Moreover, even if, as the Government suggests, we have the power to decide these issues now, we do not think that that power would be wisely exercised in the present context of this case. See Singleton v. Wulff, 428 U.S. 106, 120-21, 96 S.Ct. 2868, 2877-78, 49 L.Ed.2d 826 (1976). Ordinarily, "where circumstances have changed between the ruling below and the decision on appeal, the preferred procedure is to remand to give the district court an opportunity to pass on the changed circumstances," unless the new situation "demands one result only." Korn v. Franchard Corp., 456 F.2d 1206, 1208 (2d Cir. 1972); accord, Concerned Citizens of Vicksburg v. Sills, 567 F.2d 646, 649-50 (5th Cir. 1978); see also Singleton v. Wulff, supra, 428 U.S. at 121, 96 S.Ct. at 2877. Although the United States optimistically contends that this case "demands one result only," the tangle of conflicting factual and legal claims raised in these 96 "common" claims betrays the Government's forecast.
 
 
 17
 The First Circuit, when confronted with a virtually identical situation involving a post-settlement appeal of a pre-settlement provisional remedy, remanded the case to the district court for reconsideration in light of the intervening events. Chas. T. Main International, Inc. v. Khuzestan Water & Power Authority, No. 80-1027 (1st Cir. Feb. 23, 1981); see also Electronic Data Systems Corp. Iran v. Social Security Organization of the Government of Iran, 610 F.2d 94 (2d Cir. 1979) (remanding attachment order in light of intervening circumstances, including Embassy takeover and "freeze order"). Similarly, in United States v. Michigan, 623 F.2d 448 (6th Cir. 1980), an appeal had been taken from a district court order which had ruled that Michigan Indians were not bound by certain state fishing laws, despite Michigan court decisions to the contrary. In the interim, the Secretary of the Interior promulgated comprehensive fishing regulations pursuant to his delegated power to govern Indian affairs. The Sixth Circuit remanded the case to the district court for consideration of the preemptive effect of the new regulations. Finally, in Welch v. Shultz, 482 F.2d 780, 782-83 (D.C.Cir.1973), the court remanded a suit challenging a ban on contributions to North Vietnam in light of the subsequent peace agreement with that country. In declining to decide the case, the Welch court stated:
 
 
 18
 We are not able to measure with any reasonable degree of precision the possible impact of this turn of events upon the quarrel in which the litigants became embroiled. The change in circumstances which has overtaken this appeal may well have seriously modified the controversy which the parties briefed and argued here, or even actually mooted it By the same token, the basis for decision of any dispute which may have survived that agreement may, at the very least, have taken on an added dimension.
 
 
 19
 In sum, an accurate assessment of the current status of the controversy requires exploration and reappraisal, and any residual problems call for definition and examination afresh on an up-to-date factual record.
 
 
 20
 Id. at 783 (footnotes omitted).
 
 
 21
 Like the court in Chas. T. Main, supra, we are aware of the need for a prompt judicial determination of the enforceability of the settlement agreement, lest the United States be held in breach of its promise to transfer assets to Iran by July 19, 1981. The district court is instructed to, and undoubtedly will, proceed with expedition. At the same time, however, we cannot in the name of expediency decide a question which is not properly before us. Were we to do so, we would be engaging in the sort of "almost irresponsibly feverish" review, New York Times v. United States, 403 U.S. 713, 753, 91 S.Ct. 2140, 2161, 29 L.Ed.2d 822 (1971) (Harlan, J., dissenting), which too often can give truth to Justice Holmes' statement, "Great cases like hard cases make bad law." Northern Securities Co. v. United States, 193 U.S. 197, 400, 24 S.Ct. 436, 468, 48 L.Ed. 679 (1904) (Holmes, J., dissenting).
 
 
 22
 The petition for mandamus is denied. This Court's stay of proceedings in the district court is continued, with the following exception: The cases are remanded to Judge Duffy with instructions to join the United States as a party in a single case in which the issues raised by the Iranian Agreement and the Presidential Orders are squarely presented and to proceed with confirmation hearings in that case alone. In that manner, the issues raised as to the scope, validity, and effect of the Agreement and Orders can be quickly resolved and the district court's determination returned to this Court for prompt review. Further proceedings in all other actions are stayed until the further order of this Court. This panel will retain jurisdiction.
 
 APPENDIX A
 Counsel for Plaintiffs:
 
 23
 Alexander & Green, New York City (David S. Pennock, John Macuga, Jr., Kenneth F. Fagan, New York City, of counsel), Attorneys for Plaintiff in :
 
 
 24
 General Petrochemicals Corp. v. Government and State of Iran, Karkhanejat Towlidi Tehran, Grouh Towlidi Tehran, Bank Saderat Iran, and Bank Dariush, 79 Civ. 6709 (JMC).
 
 
 25
 Baker & McKenzie, New York City (Lawrence W. Newman, Jean Bernstein, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 26
 Reading & Bates Corporation and Read & Bates Exploration Co. v. National Iranian Oil Company ("NIOC"), 79 Civ. 6035 (GLG);
 
 
 27
 Sedco International, S.A. v. NIOC, 79 Civ. 6115 (WCC);
 
 
 28
 Sediran Drilling Company v. NIOC, 79 Civ. 6116 (RJW);
 
 
 29
 Sediran Drilling Company v. NIOC, 79 Civ. 6117 (TPG);
 
 
 30
 Williams Brothers International Corp. v. NIOC, 79 Civ. 6195 (LPG);
 
 
 31
 Williams Brothers International Corp. v. NIOC, 79 Civ. 6196 (LPG);
 
 
 32
 Sedco Inc., as Assignee of Iran Marine Industrial Company v. NIOC, 79 Civ. 6279 (LPG);
 
 
 33
 Otis Engineering Corporation v. NIOC, 79 Civ. 6484 (RWS);
 
 
 34
 Halliburton Limited v. NIOC, 79 Civ. 6485 (RWS);
 
 
 35
 Houston Contracting Company v. NIOC, 79 Civ. 6488 (GLG);
 
 
 36
 Houston Contracting Company v. NIOC, 79 Civ. 6489 (MEL);
 
 
 37
 Irano-Reading & Bates, S.S.K. v. NIOC, 79 Civ. 6831 (VLB);
 
 
 38
 IMCO Services (U.K.) Ltd. v. NIOC, 79 Civ. 6525 (LPG);
 
 
 39
 Ingersoll-Rand Company v. National Iranian Gas Company and Bank Markazi Iran, 79 Civ. 6867 (RWS).
 
 
 40
 Ensearch Service Company of Iran v. National Iranian Gas Company and NIOC, 80 Civ. 560 (WCC);
 
 
 41
 Williams Brothers International Corp. v. NIOC, 80 Civ. 1099 (LPG); and
 
 
 42
 Compagnie Francaise de Prospection Sismique v. NIOC, 80 Civ. 1920 (ADS).
 
 
 43
 Breed, Abbott & Morgan, New York City (Thomas A. Shaw, Jr., Robert R. Elliott, III, New York City, of counsel), Attorneys for Plaintiff in :
 
 
 44
 First National Bank of Boston v. National Petrochemical Company of Iran, et al., 79 Civ. 6412 (WCC);
 
 
 45
 First National Bank of Boston v. Industrial Mining and Development Bank of Iran, et al., 79 Civ. 6413 (CES);
 
 
 46
 First National Bank of Boston v. Bank Sakhteman and Government of Iran, et al., 79 Civ. 6414 (CSH);
 
 
 47
 First National Bank of Boston v. Mazandaran Textile Co., Ltd., et al., 79 Civ. 6415 (RWS);
 
 
 48
 First National Bank of Boston v. Iran National Airlines Corp., et al., 79 Civ. 6416 (CSH);
 
 
 49
 First National Bank of Boston v. Kashan Velvet & Rayon Mills, Ltd., et al., 79 Civ. 6587 (TPG);
 
 
 50
 First National Bank of Boston v. Iranians' Bank, et al., 79 Civ. 6588 (VLB); and
 
 
 51
 First National Bank of Boston v. Hammadan Glass Co., et al., 79 Civ. 6620 (CBM).
 
 
 52
 Cahill, Gordon & Reindel, New York City (David R. Hyde, Michael P. Tierney, Howard G. Sloane, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 53
 American International Group, Inc., et al. v. Islamic Republic of Iran, Central Insurance of Iran (Bimeh Markazi Iran) and Does 1-100, 79 Civ. 6696 (GLG); and
 
 
 54
 Cabot International Capital Corporation v. Government of Iran, National Iranian Oil Company, National Petrochemical Company of Iran, 80 Civ. 0098 (GLG).
 
 
 55
 Cleary, Gottlieb, Steen & Hamilton, New York City (George Weisz, Edwin B. Mishkin, Thomas J. Maloney, Jonathan I. Blackman, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 56
 Northwestern National Bank of Minneapolis v. Bank of Tehran, et al., 79 Civ. 6467 (HFW);
 
 
 57
 Itek Corporation v. The Government of Iran, et al., 79 Civ. 6468 (CBM);
 
 
 58
 Seattle-First National Bank v. Industrial Mining and Development Bank of Iran, et al., 79 Civ. 6497 (RLC); and
 
 
 59
 William Pereira Associates Iran v. The Government of Iran, et al., 80 Civ. 512 (ADS).
 
 
 60
 Coudert Brothers, New York City (William Rand, John Carey, Andrew C. Quale, Jr., Jerry Siegel, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 61
 United Virginia Bank v. Industrial Credit Bank of Iran, Bank Markazi, The Islamic Republic of Iran and The Islamic Provisionary Revolutionary Government of Iran, 79 Civ. 6480 (RJW);
 
 
 62
 GTE International Inc. and GTE Iran Inc. v. Telecommunication Company of Iran, Bank Markazi, The State of Iran (also called the Islamic Republic of Iran) and all other political subdivisions, agencies and instrumentalities of The Government of Iran, 80 Civ. 0923(EW); and
 
 
 63
 Air La Carte, Inc. v. Iran National Airlines Corporation, 80 Civ. 1897 (RWS).
 
 
 64
 Cravath, Swaine & Moore, New York City (Ralph L. McAffee, New York City, of counsel) and Davis, Markel, Dwyer & Edwards, New York City (Gregory A. Markel, Rosalyn Young, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 65
 Chemical Bank v. The Government of Iran and Bank Markazi Iran, 79 Civ. 6344 (HFW).
 
 
 66
 Curtis, Mallet-Prevost, Colt & Mosle, New York City (Joseph Pizzurro, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 67
 Mellon Bank v. The Agricultural Development Bank of Iran, Bank Melli Iran, The Industrial & Mining Development Bank of Iran, The Industrial Credit Bank, The International Bank of Iran, The International Bank of Iran & Japan, The National Petrochemical Co. of Iran, the Polyacryl Iran Corporation, and The State of Iran, 79 Civ. 6470 (LWP);
 
 
 68
 The Mellon International Finance Corporation v. The Agricultural Development Bank of Iran, Bank Bazargani Iran, Bank Bimeh Iran, Bank Iranshahr, Bank Markazi Iran, Bank Melli Iran, Bank of Tehran, Bank Pars, Bank Saderat, Bank Sanaye Iran, Bank Sepah, Bank Shahryars, The Development & Investment Bank of Iran, and The State of Iran, 79 Civ. 6860 (CSH).
 
 
 69
 Davis, Polk & Wardwell, New York City (Bartlett H. McGuire, Hiram D. Gordon, Emily E. Berger, Karen E. Wagner, New York City, of Counsel), Attorneys for Plaintiff in :
 
 
 70
 Morgan Guaranty Trust Company v. State of Iran (Islamic Republic of Iran), 79 Civ. 6312 (HFW).
 
 
 71
 Debevoise, Plimptom, Lyons & Gates, New York City (Robert B. von Mehren, Robert L. King, Standish F. Medina, Jr., Bart R. Schwartz, New York City, of Counsel), Attorneys for Plaintiffs in :
 
 
 72
 The First National Bank of Chicago and First Chicago International Banking Corporation v. Agricultural Development Bank of Iran, Bank Omran, Dopar Laboratories Company Limited, Industrial Credit Bank, Industrial and Mining Development Bank of Iran, International Construction Machines, National Petrochemical Company of Iran, Bank Saderat Iran, International Bank of Iran and Japan, The Government of Iran and all Political Subdivisions, Agencies and Instrumentalities of Iran and Does 1-200, 79 Civ. 6331 (TPG).
 
 
 73
 Dechert, Price & Rhoads, New York City (Otto C. Kitsinger, II, Donald Eng, New York City, of counsel), Attorneys for Plaintiff in :
 
 
 74
 Girard Bank v. Bank Pars, Industrial Credit Bank of Iran, Bank Melli Iran, Bank Saderat Iran, Bank Sanaye Iran, Bank Sepah, Bank of Tehran, Bank Shahryar, Banque Etabarate Iran, National Iranian Oil Co., Government of Iran, and John Doe Corporation, 79 Civ. 6440 (LBS).
 
 
 75
 Donovan, Leisure, Newton & Irvine, New York City (John Wilkinson, Gary B. Schmidt, David P. Condit, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 76
 Walter Kidde and Company, Inc. (Bellville Division) v. Iran National Airlines Corporation, State of Iran and Bank of Tehran, 80 Civ. 1953 (LBS).
 
 
 77
 Edwards & Angell, New York City (Sally A. Treweek, Astrid R. Baumgardner, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 78
 Santa Fe International Corp. v. NIOC, et al., 79 Civ. 6693 (GLG).
 
 
 79
 Freehill, Hogan & Mahar, New York City (Eric Lenck, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 80
 Hadley Shipping Co. Ltd. v. Bank Sepah-Iran, The Government of Iran, and The Government Trading Corp. of Tehran, Iran, 79 Civ. 6840 (EW).
 
 
 81
 Fried, Frank, Harris, Shriver & Jacobson, New York City (Herbert P. Minkel, Jr., Stephen Jacobs, New York City, of counsel), Attorneys for Plaintiff in :
 
 
 82
 American Security Bank, N.A. and American Security Bank International, Ltd. v. Iranians' Bank, Agricultural Development Bank of Iran, and The State of Iran, 79 Civ. 6434 (RJW).
 
 
 83
 David B. Goldstein, New York City, Attorney for Plaintiffs in :
 
 
 84
 Advanced Computer Techniques Corp. and Inter-Act Corp. v. Information Systems Iran Organization, et al., 80 Civ. 0031 (LWP).
 
 
 85
 Halperin, Shivitz, Scholer, Schneider & Eisenberg, New York City (Robert Arbeite, New York City, of counsel), Attorneys for Plaintiff in :
 
 
 86
 Trustees of Columbia University of N.Y.C. v. The Atomic Energy Organization of Iran, and The State of Iran, 80 Civ. 0241 (RWS).
 
 
 87
 Hughes, Hubbard & Reed, New York City (Powell Pierpoint, Robert Steven Anderson, New York City, of counsel), Attorneys for Plaintiff in :
 
 
 88
 Offshore International S.A. v. Iran Pan American Oil Company, et al., 79 Civ. 6483 (HFW).
 
 
 89
 (John A. Donovan, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 90
 Atlantic Richfield Co., et al. v. Lavan Petroleum Company, 79 Civ. 6714 (KTD).
 
 
 91
 Ivey, Barnum & O'Mara, Greenwich, Conn. (Philip R. McKnight, Greenwich, Conn., of counsel), Attorneys for Plaintiff in :
 
 
 92
 Logos Development Corp. v. Information Systems Iran, et al., 80 Civ. 0033 (WCC).
 
 
 93
 Kirlin, Campbell & Keating, New York City (John Vayda, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 94
 F.S. Wylie as Trustee v. Master Shipping Agency and Iran International Shipping Lines.
 
 
 95
 Kronish, Lieb, Shainswit, Weiner & Hellman, New York City (Joseph S. Hellman, Steven G. Nelson, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 96
 Republic National Bank of New York v. Bank of Tehran, et al., 79 Civ. 6371 (GLG);
 
 
 97
 Republic National Bank of New York v. National Iranian Gas Co., et al., 80 Civ. 1679 (VLB);
 
 
 98
 Republic National Bank of New York v. Gicafuor, Inc., et al., 80 Civ. 1680 (VLB);
 
 
 99
 Trade Development Bank v. Iranian Ministry of Energy, et al., 80 Civ. 1681 (VLB).
 
 
 100
 McGarrahan & Heard, New York City (C. Stephen Heard, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 101
 John Doe v. Richard Roe, 79 Civ. 6420 (WCC);
 
 
 102
 John Doe II v. Government of Iran, 79 Civ. 6852 (WCC);
 
 
 103
 Transportation Consultants International v. The Iran National Airlines Corp., 79 Civ. 6508 (LPG);
 
 
 104
 Sea Land Service Inc. v. The Arya National Shipping Line, Bank Markazi, The Government of Iran, The Ministry of Roads & Transportation Iran, and Ports & Shipping Organization of Iran, 80 Civ. 1097 (CLB).
 
 
 105
 Robert B. McKay, New York City, Attorneys for Plaintiff in :
 
 
 106
 Fidelity Union Trust Company v. Development and Investment Bank of Iran, 80 Civ. 1432 (LBS).
 
 
 107
 Milbank, Tweed, Hadley & McCloy, New York City (Edward J. Reilly, Richard C. Tufaro, Norman R. Nelson, New York City, of counsel), Attorneys for Plaintiffs in :
 
 
 108
 The Chase Manhattan Bank, N.A. v. State of Iran, also known as Islamic Republic of Iran, et al., 79 Civ. 6644 (TPG).
 
 
 109
 Otterbourg, Steindler, Houston & Rosen, P.C., New York City (Meryl E. Wiener, New York City, of Counsel), Attorneys for Plaintiffs in:
 
 
 110
 Shawmut Bank of Boston, N.A. v. State of Iran, et al., 79 Civ. 6748 (LWP);
 
 
 111
 Shawmut Bank of Boston, N.A. v. State of Iran, et al., 79 Civ. 6749 (LWP);
 
 
 112
 Westinghouse Electric Corporation v. State of Iran, et al., 80 Civ. 838 (LWP); and
 
 
 113
 Westinghouse Electric Corporation v. State of Iran, et al., 80 Civ. 989 (HFW).
 
 
 114
 Paul, Weiss, Rifkind, Wharton & Garrison, New York City (George P. Felleman, Robert E. Bartkus, Harriet Goldberg, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 115
 Chas T. Main International, Inc. v. The Government of Iran, 79 Civ. 6276 (PNL);
 
 
 116
 New England Merchants National Bank v. Iran Power Generation and Transmission Co., et al., 79 Civ. 6380 (KTD);
 
 
 117
 Crocker National Bank v. The Government of Iran, et al., 79 Civ. 6493 (EW);
 
 
 118
 The Marschalk Company v. Iran National Airlines Corp., et al., 79 Civ. 7035 (CBM); and
 
 
 119
 Walter J. Johnson, Inc. v. The Government of Iran, et al., 80 Civ. 0078 (EW).
 
 
 120
 Peabody, Rivlin, Lambert & Meyers, Washington, D.C. (Jeremiah D. Lambert, Washington, D.C., of counsel) and Edward A. Woolley, New York City, Attorneys for Plaintiff in:
 
 
 121
 McCullough & Company, Inc. v. The Government of Iran and the Ministry of Posts, Telegraph, and Telephone, an Instrumentality of the Government of Iran, 80 Civ. 406 (RWS).
 
 
 122
 Proskauer, Rose, Goetz & Mendelsohn, New York City (Stephen R. Kaye, Lester M. Kirshenbaum, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 123
 Starrett Housing Corp., et al. v. Government of Iran, et al., 79 Civ. 6364 (PNL).
 
 
 124
 Rogers & Wells, New York City (James M. Ringer, Richard A. Cirillo, David A. Thurm, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 125
 Lockheed Corporation v. Government of Iran, The Iranian Ministry of War, The Iranian Air Force, The Iranian Military Industries Organizations, and Iran Aircraft Industries, 79 Civ. 6606 (WK).
 
 
 126
 Rosenman, Colin, Freund, Lewis & Cohen, New York City (Lawrence G. Golde, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 127
 Vetco, Inc., et al. v. State of Iran, et al., 79 Civ. 6933 (RWS).
 
 
 128
 Combustion Engineering, Inc. v. Islamic Republic of Iran, et al., 80 Civ. 5420 (WCC).
 
 
 129
 Santora, Shenkman & Kushel, New York City (John J. Santora, Stephen J. Kushel, Robert B. McKay, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 130
 Security Pacific National Bank v. Government of Iran, 79 Civ. 6461 (KTD).
 
 
 131
 Satterlee & Stephens, New York City (Robert M. Callagy, Albert J. Avallone, Amy Karig, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 132
 Syska & Hennessy, Inc. v. State of Iran (Islamic Republic of Iran), 79 Civ. 6810 (MEL).
 
 
 133
 Schoeman, Marsh, Updike & Welt, New York City (Charles B. Updike, New York City, of counsel), Attorneys for Plaintiffs solely with respect to claims against National Petrochemical Company of Iran in:The First National Bank of Chicago and First Chicago International Banking Corporation v. Agricultural Development Bank of Iran, Bank Omran, Dopar Laboratories Company Limited, Industrial Credit Bank, Industrial and Mining Development Bank of Iran, International Construction Machines, National Petrochemical Company of Iran, Bank Saderat Iran, International Bank of Iran and Japan, The Government of Iran and all Political Subdivisions, Agencies and Instrumentalities of Iran and Does 1-200, 79 Civ. 6331 (TPG).
 
 
 134
 Schreiber, Klink, Schreiber & Lehnardt, P.C., New York City (James P. Schreiber, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 135
 Esphahanian, Nasser v. Iranians' Bank, 79 Civ. 6188 (VLB).
 
 
 136
 Seyfarth, Shaw, Fairweather & Geraldson, New York City (James M. McHale, Washington, D.C., of counsel), Attorneys for Plaintiff in:
 
 
 137
 (Consortium) Joint Venture S.A. Enterprises, Jan De Nul and Dragomar, S.p.A. v. Brown & Root International, Ltd., Brown & Root and The National Iranian Navy, the Iranian Ministries of Defense, The Government of Iran, et al., 80 Civ. 791 (PNL).
 
 
 138
 Shearman & Sterling, New York City (Henry Harfield, John E. Hoffman, Jr., Mark P. Zimmett, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 139
 Citibank, N.A. v. The State of Iran, et al., 79 Civ. 6362 (HFW).
 
 
 140
 Simpson, Thacher & Bartlett, New York City (Roy L. Reardon, Henry Landau, James J. Haugh, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 141
 Manufacturers Hanover Trust Company v. The State of Iran (Islamic Republic of Iran), National Petrochemical Company of Iran, Industrial and Mining Development Bank of Iran, International Bank of Iran and Japan, Polyacryl Iran Corporation, Bank Melli Iran, Industrial Credit Bank, International Bank of Iran, Development and Investment Bank of Iran, Bank of Tehran, Bank Sanaye, Bank Shahryar, Iran Arab Bank, Foreign Trade Bank of Iran, Bank Iranshahr, Shahbaf Persian Carpet Company, IranHamburg Handelsgesellschaft m.b.H., 79 Civ. 6512 (LFM).
 
 
 142
 Skadden, Arps, Slate, Meagher & Flom, New York City (Edwin E. McAmis, Richard F. Hope, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 143
 Wells Fargo Bank, N.A. v. Polyacryl Iran Corporation, Bank Melli Iran, Industrial and Mining Development Bank of Iran, Industrial Credit Bank, International Bank of Iran and Japan, International Bank of Iran, The Government of Iran, Iran Power Generation and Transmission Co. (TAVANIR), Bank Farhangian, Bank Saderat Iran, Bank Sepah, Bank Markazi Iran, All Other Subdivisions of the Government of Iran and John Does 1-100, 79 Civ. 6475 (WKJ).
 
 
 144
 Spengler, Carlson, Gubar & Brodsky, New York City (Cynthia Brill, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 145
 Herman Blum Consulting Engineers, Inc. v. Islamic Republic of Iran, Military Industries Organization, Iran Electronics Industries and Iran Housing Corporation, 80 Civ. 2360 (LWP).
 
 
 146
 Sullivan & Cromwell, New York City (Philip L. Graham, Jr., Jane B. Baron, Robin A. Goldman, John W. Dickey, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 147
 European American Bank & Trust Co., European American Banking Corp. v. Bank Bazargani Iran, Bank Melli Iran, Bank Saderat Iran, The Foreign Trade Bank of Iran, The Government of Iran, The Industrial & Mining Development Bank of Iran, The National Petrochemical Co. of Iran, and Polyacryl Iran Corp., 79 Civ. 6316 (ADS), Marine Midland Bank v. Bank Sepah et al., S.D.N.Y., 80 Civ. 0615 (ADS).
 
 
 148
 Townley & Updike, New York City (Philip D. Pakula, Frederick D. Berkon, Nina Shreve, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 149
 E.I. DuPont de Nemours & Company v. State of Iran (Islamic Republic of Iran) and Polyacryl Iran Corporation, 79 Civ. 6430 (RO).
 
 
 150
 Weil, Gotshal & Manges, New York City (Joel B. Harris, Joseph H. Weiss, Ira N. Glauber, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 151
 LaSalle National Bank v. Industrial Credit Bank of Iran, et al., 80 Civ. 2570 (WCC).
 
 
 152
 General Motors Corp. v. Government of Iran, General Motors Iran Limited, et al., 80 Civ. 6378 (TPG).
 
 
 153
 General Motors Corp. v. The Islamic Republic of Iran et al., 80 Civ. 6709 (TPG).
 
 
 154
 White & Case, New York City (P.B. Konrad Knake, Edward J.M. Little, New York City, of counsel), Attorneys for Plaintiff in:
 
 
 155
 Bankers Trust Company v. The State of Iran, et al., 79 Civ. 6376 (HFW).
 
 
 156
 Winthrop, Stimson, Putnam & Roberts, New York City (Peter H. Kaminer, John F. Pritchard, Stuart M. Reynolds, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 157
 Irving Trust Co. v. The State of Iran, et al., 79 Civ. 6369 (CES);
 
 
 158
 American Express International Banking Corporation v. The State of Iran, et al., 79 Civ. 6429 (CLB);
 
 
 159
 Irving Trust Company v. The State of Iran, et al., 80 Civ. 0233 (CES).
 
 
 160
 Reavis & McGrath, New York City (Nathaniel L. Gerber, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 161
 Texas Commerce Bank National Association v. Industrial Credit Bank of Iran, et al., 80 Civ. 5994 (LPG).
 
 
 162
 Surrey & Morse, New York City (Carl F. Goodman, New York City, of counsel), Attorneys for Plaintiffs in:
 
 
 163
 Seatrain Lines, Inc. v. Republic of Iran, 80 Civ. 7002 (MEL).
 
 
 164
 James L. Berenthal, New York City (James L. Berenthal, Eric Pasinkoff, New York City, of counsel), Attorneys for Third Party Plaintiffs in:
 
 
 165
 Caviar and Fine Foods, Inc. v. Panacaviar Corp. and Panacaviar, S.A.; Panacaviar Corp. & Panacaviar, S.A. v. National Iranian Fisheries Co. Shilat and The State of Iran, 79 Civ. 6835 (WCC).
 
 Counsel for the United States:
 
 166
 John S. Martin, Jr., U. S. Atty., New York City, Thomas S. Martin, Acting Asst. Atty. Gen., Robert E. Kopp, Michael F. Hertz, John F. Cordes, Susan J. Herdina, Attys., Civ. Div., Dept. of Justice, Washington, D.C. (Mark B. Feldman, Acting Legal Adviser, Timothy E. Ramish, Atty., Dept. of State, Washington, D.C., of counsel).
 
 Counsel for Defendants:
 
 167
 Abourezk, Shack & Mendenhall, P.C., Washington, D.C. and New York City (Thomas G. Shack, Jr., Raymond J. Kimball, Washington, D.C., Gregory de Sousa, New York City, James A. Stenger, Washington, D.C., of counsel), Attorneys for Defendants:
 
 Islamic Republic of Iran
 Ministry of Defense
 Ministry of Economic Affairs & Finance
 Ministry of Energy & Natural Resources
 Ministry of Posts, Telegraph & Telephone
 Ministry of Housing & Urban Development
 Ministry of War
 
 168
 National Petrochemical Co.
 
 
 169
 National Iranian Gas Co.
 
 
 170
 Kangan Liquefied Natural Gas Corp.
 
 
 171
 Iran National Airlines Corp.
 
 Iranian Air Force
 Iran Aircraft Industries
 
 172
 Industrial Development & Renovation Organization
 
 Islamic Republic Air Force
 Telecommunications Company of Iran
 Information Systems Iran
 Ministry of Mines
 Iranian Tobacco Company
 
 173
 And all other defendants not otherwise represented by counsel
 
 
 174
 Condon & Forsyth, New York City, Attorneys for Defendant:
 
 
 175
 Iran National AirlinesKramer, Levin, Nessen, Kamin & Soll, New York City (Daniel P. Levitt, Michael S. Oberman, Greg A. Danilow, Alan R. Friedman, New York City, of counsel), Attorneys for Defendants:
 
 Agricultural Cooperative Bank of Iran
 Agricultural Development Bank of Iran
 Bank Bazargani Iran
 Bank Bimeh Iran
 Bank Dariush
 Development & Investment Bank of Iran
 Distributors Cooperative Credit Bank
 Banque Etebarate Iran
 Bank Farhangian
 Foreign Trade Bank of Iran
 Industrial Credit Bank
 
 176
 Industrial & Mining Development Bank of Iran
 
 International Bank of Iran
 International Bank of Iran and Japan
 Iran Arab Bank
 Iranians' Bank
 Irano British Bank
 Bank Iranshahr
 Bank Kar
 Bank Mellat
 Bank Melli
 Mercantile Bank of Iran and Holland
 Mortgage Bank of Iran
 Bank Omran
 Bank Pars
 Bank Rafah Kargaran
 Bank Sakhteman
 Bank Sanat Va Madin
 Bank Sanaye Iran
 Bank Sepah
 Bank Shahryar
 Bank of Tehran
 Bank Tejarat
 
 177
 Fenwick, Stone, Davis & West, New York City (Richard D. Gaines, Ronald A. Abramson, New York City, of counsel), Attorneys for Defendant:
 
 Bank Saderat Iran
 
 178
 Gadsby & Hannah, New York City (William A. Zucker, Gary A. Woodfield, New York City, of counsel), Attorneys for Defendants:
 
 
 179
 The Ministry of Social Welfare of Government of Iran
 
 Iran Joint-Stock Housing Company
 Gostaresh Maskan
 Khuzestan Water & Power Company
 Mahab Consulting Engineers Company
 
 180
 Parsmain Engineers Co., a/k/a Parsmain, Inc.
 
 
 181
 Iran Power Generation & Transmission Co., a/k/a Tavanir Co.
 
 
 182
 Shapur Chemical Co., Ltd.
 
 Ministry of Water & Power of Iran
 Gicafour Incorporated
 
 183
 Akam Precast Concrete Company Ltd.
 
 
 184
 Yamineh Company, Inc.
 
 Aluminum Fluoride Iran Company
 
 185
 Khuzestan Urban Development Org.
 
 
 186
 Power Generation and Transmission Co.
 
 
 187
 Gilbert, Segall & Young, New York City (Elihu Inselbuch, E. Paul Kanefsky, New York City, of counsel), Attorneys for Defendants:
 
 
 188
 Abadan Petrochemical Co. Ltd.
 
 
 189
 Arak Industries Corp.
 
 Atomic Energy Organization of Iran
 
 190
 Batiman-Fortres Equipment Co.
 
 
 191
 Dopar Laboratories Co., Ltd.
 
 
 192
 Ery Plast Ltd.
 
 Ferdowsi University
 Grough Towlidi Tehran
 International Construction Machines
 
 193
 Iran International Oil Co.
 
 
 194
 Iran Knitting Co.
 
 
 195
 Iran Textile Distribution Co. Ltd.
 
 Iran Pan Am Oil
 
 196
 Joint Venture Composed of Iran Pan Am Oil NIOC and Amoco Iranian Oil
 
 Jundi Shapur University
 Karkhanejat Towlidi Tehran
 
 197
 Karun Agro Industries Corp.
 
 
 198
 Kashan Velvet & Rayon Mills, Ltd.
 
 Lavan Petroleum
 
 199
 Mazandaran Textile Co.
 
 
 200
 National Iranian Fisheries Co.
 
 
 201
 National Iranian Steel Co.
 
 
 202
 Societe Irano-Italienne Des PetrolesUniversity of Tehran
 
 
 203
 Greenbaum, Wolff & Ernst, New York City, Attorneys for Defendants:
 
 
 204
 Polyacryl Iran Corp.
 
 
 205
 Shahbaf Persian Carpet Co.
 
 Iran-Hamburg Handelsgesellschaft
 
 206
 Mahnakh Spinning and Weaving Co.
 
 
 207
 Farnakh Spinning and Weaving Co.
 
 
 208
 Akam Building Industries Co.
 
 
 209
 Behshahr Industrial Co., Ltd.
 
 Melli Industrial Group
 
 210
 Iran Tractor Manufacturing Co.
 
 
 211
 Government Trading Co.
 
 
 212
 Hammadan Glass Co.
 
 
 213
 Lanac Corp.
 
 
 214
 Patterson, Belknap, Webb & Tyler, New York City (Robert P. Patterson, Jr., Thomas Thacher, Frederick T. Davis, Steven C. Charen, New York City, of counsel), Attorneys for Defendant National Iranian Oil Company in the following cases:
 
 79 Civ. 6035
 79 Civ. 6116
 79 Civ. 6195
 79 Civ. 6279
 79 Civ. 6484
 79 Civ. 6488
 79 Civ. 6525
 79 Civ. 6115
 79 Civ. 6117
 79 Civ. 6196
 79 Civ. 6483
 79 Civ. 6485
 79 Civ. 6489
 79 Civ. 6644
 79 Civ. 6693
 79 Civ. 6362
 79 Civ. 6376
 79 Civ. 6440
 79 Civ. 6461
 79 Civ. 6831
 80 Civ. 0098
 80 Civ. 0560
 80 Civ. 1099
 80 Civ. 1520
 80 Civ. 1744
 80 Civ. 1920
 
 215
 Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, Attorneys for Defendant:
 
 Bank Markazi Iran
 
 216
 Van GRAAFEILAND, Circuit Judge (concurring):
 
 
 217
 I concur with the majority in all cases except those in which Marine Midland Bank, GTE International, Inc., and Westinghouse Electric are parties. I have not participated in the determination relative to those cases.
 
 
 
 [1]
 Invoking the powers of the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701-1706 (Supp. III 1979) (IEEPA), President Carter on November 14, 1979 issued Executive Order 12,170, which ordered the blocking of "all property and interests in property of the Government of Iran subject to the jurisdiction of the United States" and authorized the Secretary of the Treasury to promulgate regulations to implement the freeze order. Pursuant to this authority, the Secretary promulgated the Iranian Assets Control Regulations, 31 C.F.R. §§ 535.101-.904 (1979), which among other things granted conditional licenses authorizing suits against Iran, § 535.504, and attachment of Iranian assets, § 535.418
 
 
 [2]
 N.Y.Civ.Prac.L.R. § 6211(b) (McKinney 1980) provides that "(a)n order of attachment granted without notice shall provide that within a period not to exceed five days after levy, the plaintiff shall move, on such notice as the court shall direct to the defendant for an order confirming the order of attachment."
 
 
 [3]
 Although the FSIA was enacted after the Treaty of Amity, § 1609 of the FSIA provides that immunity from attachment and execution is "(s)ubject to existing international agreements to which the United States is a party at the time of enactment of this Act." 28 U.S.C. § 1609 (Supp. III 1979)
 
 
 [4]
 Before an attachment may be confirmed, the plaintiff must show "that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." N.Y.Civ.Prac.L.R. § 6212(a) (McKinney 1980). Section 6201 states that an order of attachment may be granted in a damage action where, inter alia, the defendant "is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state" or where the defendant, "with (the) intent to defraud his creditors has assigned, disposed of, encumbered or secreted property or removed it from the state or is about to do any of these acts." N.Y.Civ.Prac.L.R. § 6201 (McKinney 1980)
 
 
 [5]
 The agreements are comprised of the Declaration of the Government of the Democratic and Popular Republic of Algeria, which sets forth the general principles of the settlement; the Declaration of the Government of the Democratic and Popular Republic of Algeria Concerning the Settlement of Claims by the Government of the United States of America and the Government of the Islamic Republic of Iran, which sets forth the terms and conditions of claims settlements between the two nations; and several undertakings, a related escrow agreement, and various banking documents
 
 
 [6]
 See 46 Fed.Reg. 7913, 7915, 7917, 7919, 7921, 7923, 7925, 7927, 7929, and 7931 (1981)