## WOMEN'S MEDICAL CENTER OF PROVIDENCE, INC.

v.

## Julie BANGS et al.

### No. 87–552–Appeal.

Supreme Court of Rhode Island.

Dec. 8, 1988.

Deming E. Sherman, Judith A. Savage, Edwards & Angell, Providence, for plaintiff.

James R. McGowan, Salter, McGowan, Swartz & Holden, Providence, for defendants.

## OPINION

WEISBERGER, Justice.

This case came before us for oral argument on the defendants' appeal from a Superior Court injunction that had the effect of limiting the scope of picketing carried out by the defendants at the plaintiff's medical facility located in suite 104 of the Summit Medical Building at 100 Highland Avenue in the city of Providence. The judgment permanently restrained and enjoined the defendants from "entering unlawfully upon the property occupied by the plaintiff Women's Medical Center of Providence, Inc. [the center], including the parking lot adjacent to the Summit Medical Building, * * * as well as interfering with or obstructing the free ingress and egress of the Center's staff, patients, and persons accompanying or assisting them, into or out of the Center's parking lot or premises."

In order to implement the restrictions, the judgment of permanent injunction created three geographical zones where protesting activities were restricted. These zones included the sidewalk abutting the Highland Street side of the property, the sidewalk abutting the Second Street side of the property, and the sidewalk abutting the First Street side of the property. The foregoing excerpts from the judgment clearly indicate that the injunction was appropriately site-specific in that it took into account both the center's geographical location and the adjacent areas to the site at 100 Highland Avenue in Providence.

At the oral argument both parties agreed that since the filing of the appeal in this court, the center moved its location from the site in Providence to a location at 1725 Broad Street in the city of Cranston. This court presently has before it no information concerning the site plan of the new location nor is it aware of details concerning adjacent sidewalks and/or parking facilities.

As a result of the movement of the center's location, plaintiff has moved that the case be remanded to the Superior Court for further fact-finding and possible modification of its former injunction. The defendants move that the case be remanded to the Superior Court with directions to dismiss on the ground of mootness. The defendants cite in support of their position *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). In our

opinion, that case has no specific applicability to the case at bar and stands only for the proposition that the dismissal of an appeal in essence affirms the judgment of the trial court whereas a dismissal on the grounds of mootness would clear the path for future relitigation.

The plaintiff cites a number of federal cases that stand for the proposition that when factual circumstances have changed between the time of the judgment below and the hearing on appeal, the preferred procedure is to remand the case to the trial court in order to give the judge an opportunity to consider the change in circumstances in order to determine what course it is appropriate to adopt in light of such a change. *See, e.g., New England Merchants National Bank v. Iran Power Generation & Transmission Co.*, 646 F.2d 779 (2d. Cir. 1981); *Concerned Citizens of Vicksburg v. Sills*, 567 F.2d 646 (5th Cir. 1978); *Korn v. Franchard Corp.*, 456 F.2d 1206 (2d. Cir. 1972).

The cited cases are simply illustrative of the fact that when an appellate court is confronted with a change of circumstances that has occurred subsequent to the original judgment, it must determine whether justice is better served by remanding the case to the trial justice for further consideration in light of the change of circumstances or whether it will be preferable to remand with directions to dismiss the action as moot.

Considering the facts of the case at bar and the extensive hearings and decision rendered by the trial justice, we are of the opinion that he is in a better position to consider whether additional evidence should be taken to determine whether the issues raised in the first trial are now moot. As an alternative, he may determine whether the judgment should be modified without the necessity of the parties' relitigating the issues completely.

In light of this conclusion, we remand the case to the trial justice in order that he may consider whether the change in circumstances by reason of a removal from the original geographic location requires that the case be dismissed as moot or whether additional evidence should be adduced and the judgment modified based upon present, existing circumstances. In connection with this remand, the trial justice may elicit such additional evidence as may be necessary or desirable in order to reach a conclusion of either mootness or modification. Either party who may be aggrieved by the trial justice's decision may then exercise a right of appeal to this court.