Steven KRAFTCHECK

v.

William HALLIWELL, III, et al.

No. 96–556–Appeal.

Supreme Court of Rhode Island.

Feb. 13, 1998.

Aram P. Jarret, Jr., Paul D. Gould, North Smithfield.

Scott K. Keefer, Chepachet, Louis V. Jackvony, III, Providence.

## ORDER

This case came before a three judge panel of this court on December 16, 1997, pursuant to an order directing the plaintiff Steven Kraftcheck (plaintiff) to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff appeals from a judgment of the Superior Court affirming a decision of the zoning board of review of the town of North Smithfield (board).[1] The board denied his application for a variance from lot size and frontage dimension requirements finding the subject lot had merged with an adjacent lot of record. After hearing the arguments of counsel and reviewing the memoranda of the parties we are satisfied that cause has not been shown. Accordingly, the appeal shall be decided at this time.

The facts of this case are not in dispute. In 1966, plaintiff and his former wife, Lois Blake, purchased lot 381 on assessor's plat 1 in North Smithfield and build a house thereon. In 1971, plaintiff and his wife purchased the adjacent lot, lot 405, which is the subject of this appeal. Lot 405 was an unimproved lot, consisting of 24,000 square feet of area and 120 feet of frontage. In 1973 the town of North Smithfield enacted its present zoning ordinance and classified lot 405 as RS–40, requiring a minimum lot size of 40,000 square feet and minimum frontage of 150 feet in

---

1. The plaintiff originally filed a notice of appeal from a judgment of the Superior Court and only after the prebriefing conference before a single justice of this court did he seek a writ of certiorari. *See Bassi v. Zoning Board of Review of Provi-* *dence,* 107 R.I. 702, 271 A.2d 210 (1970). On April 4, 1997, Kraftcheck filed a petition for certiorari *nunc pro tunc.* Because we dismiss this case on other grounds, we need not reach its procedural infirmities.

order to construct a single-family dwelling thereon. The zoning ordinance also included a merger provision that mandated the merger of two or more lots of record with continuous frontage held in single ownership at the time of the passage of the ordinance. It is undisputed that lot 405 fell within the merger provision of the ordinance.

The plaintiff and his wife were divorced in 1991 and the divorce decree provided that plaintiff receive title to lot 405 and his wife receive title to lot 381. In apparent anticipation of the applicability of the merger provision to these lots, the parties also agreed that if lot 405 was deemed to be unbuildable, plaintiff would deed lot 405 back to his former wife. This proved prophetic in that by letter dated August 27, 1991, the town building official notified plaintiff that the recording of the deed to lot 405 was a violation of the merger provision of the ordinance.

Undaunted by this communication, plaintiff applied for a building permit for lot 405 in March of 1993. The building inspector denied the application and plaintiff sought relief from the zoning board of review. The board denied relief and plaintiff filed a timely appeal to the Superior Court. On June 11, 1996, a justice of the Superior Court issued a written decision affirming the ruling of the zoning board. The plaintiff then filed a notice of appeal to this court on September 5, 1996. Unfortunately, plaintiff died during the pendency of this appeal.

The plaintiff had previously executed a quitclaim deed conveying lot 405 to his former wife. This deed was not recorded, however, until August 15, 1997, five days after plaintiff's death. A motion to substitute Ms. Blake as a party was filed with this court on October 9, 1997. At oral argument, the parties were requested to address the question of whether this case has been rendered moot by the death of the plaintiff and by the merger of lot 405 with lot 381 as a result of the conveyance of lot 405 to the plaintiff's former wife. It is our opinion that the parties failed to provide an adequate response.

We conclude this case has been rendered moot by the death of the plaintiff and by the merger of lot 405 with the adjacent lot of record. *Cf. Women's Medical Center of Providence, Inc. v. Bangs,* 551 A.2d 14 (R.I. 1988). Accordingly, we deny the plaintiff's appeal and remand the case to the Superior Court with directions to dismiss the action as moot.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.